UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEIDMAN,<br><br>   Plaintiff,<br><br> v.<br><br>PG&E CORPORATION,<br><br>   Defendant. | Case No. 22-cv-00389-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 3 |

On January 18, 2022, William F. Weidman, III ("Appellant") filed a notice of appeal regarding an order entered by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). Dkt. No. 1. The order he seeks to appeal is the Bankruptcy Court's Order Denying Motion for Reconsideration by William F. Weidman, III ("Order Denying Reconsideration"), which was entered on December 15, 2021. *See id.* at 2. Before the Court is PG&E Corporation's and Pacific Gas and Electric Company's (collectively, "PG&E") motion to dismiss the appeal for lack of jurisdiction. *See* Dkt. No. 3. The Court agrees that it lacks jurisdiction to hear this appeal and accordingly **GRANTS** PG&E's motion.

Bankruptcy Rule 8002(a)(1) states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." It is well settled that the deadlines imposed by Bankruptcy Rule 8002 are "mandatory and jurisdictional." *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016).[1] Because Appellant filed his notice of appeal 34 days after the deadline, it was untimely under Bankruptcy Rule 8002(a)(1),

---

[1] *See also Canyon Cap. Advisors LLC v. PG&E Corp.*, No. 20-CV-04949-HSG, 2020 WL 7342683, at *3 (N.D. Cal. Dec. 14, 2020), *aff'd sub nom. Matter of PG&E Corp.*, No. 21-15025, 2021 WL 5985027 (9th Cir. Dec. 6, 2021).

and it must be dismissed for lack of jurisdiction.  *See In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").[2]

PG&E's motion to dismiss the appeal is therefore **GRANTED**.  The Clerk is directed to close the case and terminate this appeal.

**IT IS SO ORDERED.**

Dated:  6/13/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court also notes that the Bankruptcy Court recommended that Appellant's appeal be dismissed for lack of prosecution.  *See* Dkt. No. 12-1.  This was because Appellant failed to perfect his appeal in the manner prescribed by Bankruptcy Rule 8009, which required him to file a designation of items to be included in the record on appeal and a statement of the issues to be presented within 14 days of filing the notice of appeal.  *See* Fed. R. Bankr. P. 8009(a)(1)(B).  Because Appellant's appeal is untimely in the first place, the Court need not and does not consider whether dismissal is also warranted for lack of prosecution.